UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
GALVESTON DIVISION

| | | |
|---|---|---|
| QUENTIEN ROGERS, *et al*, | § § | |
| Plaintiffs, | § § | |
| VS. | § | CIVIL ACTION NO. 3:14-CV-336 |
| SEACOR MARINE LLC, *et al*, | § § § | |
| Defendants. | § § | |

## FINDINGS OF FACT AND CONCLUSIONS OF LAW

The case was tried by consent of the parties in a bench trial before the Court. Plaintiffs Quentien Rogers ("Rogers") and Ronnie R. Price, Sr. ("Price") and Defendants SEACOR Marine LLC and SEACOR Offshore LLC (collectively "SEACOR Defendants") appeared by and through their counsel of record. The Court, having carefully considered the evidence admitted at trial, makes the following findings of fact and conclusions of law.

### I. FINDINGS OF FACT

1. Rogers is a resident of Thibodaux, Louisiana. Price is a resident of New Orleans, Louisiana.

2. SEACOR Marine LLC and SEACOR Offshore LLC are duly formed Limited Liability corporations.

3. The SEACOR CONQUEST is an offshore supply vessel operating at relevant times on the navigable waters offshore the United States and in the Gulf of Mexico.

4. Rogers and Price were employed at relevant times as riggers by Longnecker Properties, Inc. They were working on the SEACOR CONQUEST and were onboard the SEACOR CONQUEST on November 29, 2013.

5. On November 29, 2013 the SEACOR CONQUEST was operating in the Gulf of Mexico and was approaching Port Fourchon, Louisiana. The CONQUEST was approaching a shrimp boat and in order to avoid colliding with that shrimp boat, reduced engine speed and came to a stop. The CONQUEST and the shrimp boat did not collide hull to hull. The CONQUEST came into contact only with the trawling lines on the shrimp boat and the Coast Guard did not find it necessary to respond to the incident. There was no contact between the hulls of the shrimp boat and the CONQUEST.

6. The incident between the CONQUEST and the shrimp boat did not result in forces sufficient to proximately cause the injuries and damages claimed by Rogers and Price in this action. The CONQUEST was too large to abruptly accelerate or decelerate in such a way following the incident that would have thrown Rogers and Price to the deck and caused the injuries and damages claimed in this action.

7. Following the incident, the Captain of the CONQUEST asked those individuals on the CONQUEST if they had sustained any injuries. Everyone, including Rogers and Price, denied having sustained any injuries. No requests for medical care were made.

8. Neither Rogers nor Price sought medical treatment for any alleged injuries

arising from the incident between the CONQUEST and the shrimp boat until several weeks after the incident.

9. Rogers and Price did not sustain the injuries and damages claimed in this lawsuit while onboard the CONQUEST. They are not entitled to any recovery from the SEACOR Defendants.

10. Rogers had previously sustained injuries, well before he boarded the CONQUEST, involving his back, neck, and body generally. He had claimed, through sworn testimony and court pleadings, that those injuries had caused him permanent impairment. To the extent that Rogers may be impaired at this time, his impairment is due to those pre-existing injuries.

## II. CONCLUSIONS OF LAW

11. This is an admiralty/maritime claim within the meaning of Rule 9(h) of the Supplemental Rules of Admiralty. This Court also has jurisdiction over this matter pursuant to 28 U.S.C. § 1333.

12. To establish a negligence claim under admiralty law, the plaintiff bears the burden to show that: (1) the defendant owed the plaintiff a duty; (2) the defendant breached that duty; and (3) the breach caused the plaintiff's alleged injuries. *Canal Barge Co. v. Torco Oil Co.*, 220 F.3d 370, 376 (5th Cir. 2000). Rogers and Price failed to show that any negligence of the SEACOR Defendants was a proximate cause of any injuries or damages claimed in this action.

13. The SEACOR Defendants are entitled to judgment on Rogers and Price's causes of action against them.

14. Rogers and Price shall take nothing from the SEACOR Defendants. The SEACOR Defendants are entitled to recover their costs of court from Rogers and Price.

15. Any of the foregoing findings of fact that contain conclusions of law shall be deemed to be conclusions of law, and any of the foregoing conclusions of law that contain findings of fact shall be deemed to be findings of fact.

**IT IS SO ORDERED.**

Signed at Galveston, Texas, March 9, 2018.

George C. Hanks, Jr.
United States District Judge